

# THE ATTORNEY GENERAL
## OF TEXAS

Honorable L.A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Attention: Mr. T.M. Trimble

Opinion No. O-1352
Re: (1) Is an independent School
district, assessing and collecting
its taxes through its own officials,
required by Art. 7336, R.C.S., as
amended by S.B. No. 402, Acts,
Reg. Sec. , 46th Leg. , to allow tax
payments upon the so-called split-
payment plan provided by said
article. (2) Under Art. 7336, as
amended, V.A.C.S., is an independent
school district required to fix and
collect penalties on the graduated
basis provided by subdicision (a)
of said Article, or may a straight
8% penalty be imposed on Feb. 1st
of any tax year, when such taxes
first become delinquent. (3) Will
the laws governing the collection
of taxes generally govern the
amount and accrual dates of penal-
ties and court costs on delinquent
independent school district taxes
or is it necessary for this matter
to be controlled by an order of the
Board of Trustees of the Kerrville
Independent School District.

Under date of August 29, 1939, you submit for the opinion
of this Department the following three questions, which we quote
from letter to you from the attorney for the Kerrville Independent
School District, attached to your letter of inquiry:

"1. The last regular session of the lesislature passed Senate Bill 402 wntitled, "Tax Discounts," and this law also goes further and amends Article 7336. Heretofore, the said School District has not allowed split payments on their taxes. Is it mandatory that they allow split payments on their taxes? The School District do their own assessing and collecting taxes.

"2. Also under Article 7336 as amended, is it mandatory for School Districts that the penalty be graduated as set out in said Article up to 8% or may they immediately apply the 8% penalty on February 1st.

"3. Will it be necessary for the School Board to pass a resolution to the effect that penalties will be added (in a lump sum of 8% or graduate as the case may be), and to the effect that 6% interest and $1.00 costs will be added from and after February 1st, or will the general laws to that effect take care of this?'

Under existing statutes, independent school districts have two courses open to them in the matter of the assessment and collection of their taxes. They may elect to adopt the provisions, so far as applicable, of the general statutes concerning the assessment and collection of State, County and common school districts may lawfully establish and set-up their own system of tax collection, by the appointment of a district tax assessor, district board of equalization, and district tax collector. In this event independent school districts will not be governed by the provisions of the general statutes relating to the assessment and collection of State, county and common school district taxes, as regards the dates of payment and penalties on delinquency.

It is made to appear from your letter that Kerrville Independent School District, under consideration here, has followed the latter course. It is further pointed out that prior to the amendment of Article 7336, Vernon's Annotated Civil Statutes, by Senate Bill No. 402, Acts Regular Session, 46th Legislature, Kerrville Independent School District did not recognize that the terms of said Article, regarding payment of taxes upon the split-payment plan, were mandatory upon it. In this we think you were correct, and we are frotified in

Hon. L.A. Woods,  Page 3

our conclusion by two letter opinions by Assistant Attorney General
Scott Gaines, one of date October 14, 1931, directed to Miss Mabel
Cherry, Tax Assessor and Collector, Edna Independent School District,
and the other of date October 29, 1931, directed to Honorable E.H.
Swaim, County Attorney, Concho County, Texas.

The two opinions referred to, as well as this opinion, are
grounded upon the language of Articles 2791 and 7343, Vernon's
Annotated Civil Statutes, to the effect that independent school
districts, in the collection of taxes, may have the same rights and
duties as obtain in the case of cities and towns in the collection
of their taxes. A reference to Article 1033, Revised Civil Statutes,
1925, shows that city councils are authorized to determine the time
of payment of taxes, and, therefore, independent school districts,
through their board of school trustees, would have the same auth-
ority to fix the time of payment of said school distirct taxes by
proper order to that effect, and would not be governed by the general
statutes relating to the collection of State and county taxes, except
at their election.

But the opinions cited hold further, and we think correctly,
that an independent school district may, by proper order of its govern-
ing board, adopt the provisions of the statutes applicable generally
to the collection of State, county and common school district ad
valorem taxes. This option is afforded by Articles 7343 and 7337,
Vernon's Annotated Civil Statutes, considered in connection with
Article 2791, Vernon's Annotated Civil Statutes.

Opposed to the foregoing conclusions, we find an opinion
by Assistant Attorney General H.L. Williford, of date September 21,
1938, directed to Honorable Geo. C. Fraser, Jr., Dallas, Texas,
holding that under Article 7343, Vernon's Annotated Civil Statutes,
the date when taxes of an independent school district become de-
linquent is "governed by the general provisions of the law and is the
same date that State and county taxes become delinquent." With this
conclusion we cannot agree, and we advert to this opinion in order
that same may be overruled insofar as inconsistent with the conclu-
sions herein expressed.

Your questions trun upon Article 7336, Vernon's Annotated
Civil Statutes, as amended by the 46th Legislature, and its mandatory
effect in regard to independent school district taxes. This article
contemplates a split-payment of taxes generally, the first half to be
paid on or before July 1st of the following year, and provides for an 8%
penalty on this last installment if not paid when due. This statute
further provides that if the split-payment plan is not followed,

taxes will become delinquent if not paid prior to February 1st of the year succeeding the year when the assessment rolls are returned, and provides graduated penalties of 1% to 8% for the month of February through the month of July.

This Article 7336, in the original form existing when the opinions hereinabove cited were written, and in its present state after amendement by the 46th Legislature, contains no language making it expressly applicable to independent school districts. It is merely one of the general statutes governing the collection of State and county ad valorem taxes, which might, at the election of an independent school district, be invoked by or made available to such district in the collection of its taxes, but which was not mandatory upon such district, under the statutes hereinabove discussed.

It is accordingly our opinion that your first question should be answered in the negative, and that Kerrville Independent School District, having elected to establish its own system for assessing and collecting its taxes, and not having elected to adopt the general statutes governing such matter, including Article 7336, as amended, Vernon's Annotated Civil Statutes, will not be required to allow a taxpayer the partial payment privilege provided by said Article.

By the same token, the penalty provisions of Article 7336, as amended, Vernon's Annotated Civil Statutes, would not be operative in regard to delinquent taxes of Kerrville Independent School District. We find no statute limiting the discretion of the governing body of an independent school district, in the matter of penalties, either as to the amount or time of accrual thereof. This is in answer to your second question.

Answering your third question, it would necessarily follow from the foregoing that the amount and dates of accrual of penalties, interest and costs must be fixed by a proper order of the governing body of Kerrville Independent School District. This answer is predicated upon the fact that Kerrville Independent School District, through its board of trustees, has provided its own tax system; because if this school district ahd elected to adopt the general laws governing the assessment and collection of State, county and common school district taxes, our answers to this and the foregoing two questions would be different. Under such circustances, we would be constrained to hold that the terms and provisions of such general tax statutes, including Article 7336, as amended, Vernon's Annotated Civil Statutes, would govern the mode and manner of tax payments, including split-payments, and the amount and accrual dates of penalties, interest and costs.

Hon. L.A. Woods, Page 5.

Trusting this satisfactorily answers your inquiries, we are

                              Yours very truly

                          ATTORNEY GENERAL OF TEXAS


                    BY

                          Pat M. Neff, Jr.
                              Assistant



APPROVED OCT 30, 1939

ATTORNEY GENERAL OF TEXAS